## �export Richmond.

.PENNYBACKER v. MAUPIN AND OTHERS.

NOVEMBER 17, 1898.

Absent, Riely and Cardwell, JJ.

1. SPECIFIC PERFORMANCE—*Terms on which Granted—Case in Judgment.*— Every application for the specific performance of a contract is addressed to the sound judicial discretion of the court, regulated by established principles. The contract must be distinctly proved, and its material terms clearly ascertained. It must be reasonable, certain, legal, mutual, based upon a valuable consideration, and the party seeking performance must not have been backward in enforcing his rights, but ready, desirous, prompt, and eager. In the case in judgment, the contract is not proved to the satisfaction of the court, there has been long delay in seeking its enforcement, and the claim asserted is barred by the statute of limitations.

Appeal from a decree of the Circuit Court of Rockingham county pronounced January 27, 1896, in a suit in chancery wherein the appellants were the complainants, and the appellees were the defendants.

*Affirmed.*

The opinion states the case.

*J. B. Stephenson, E. D. Newman, John E. Roller*, and *Walton & Walton*, for the appellants.

*W. Liggett, Sipe & Harris*, and *G. G. Grattan*, for the appellees.

HARRISON, J., delivered the opinion of the court.

In March, 1895, the appellee, A. L. Maupin, conveyed, together with other lands owned by him, his undivided interest, in remainder, in a tract of land derived under the will of his grandfather, to George E. Sipe, trustee, to secure certain creditors of said appellee. Soon thereafter, in the same year, appellant, who was the mother of the appellee, filed her bill alleging that she owned a life estate in the entire tract in question, containing about two hundred acres, a fee-simple interest in the remainder, amounting to 3-16, derived from her father; and further alleging that by virtue of a parol contract entered into, with her son, A. L. Maupin, the appellee, in the year 1876, she had become the owner of his interest in the remainder, amounting to 13-32 of the whole tract. The bill alleges that the consideration for this purchase was the transfer to her son of two bonds of D. Pennybacker for $500 each, executed on the 1st day of February, 1852, amounting on the 1st day of April, 1874, to the sum of $2,023, and that the bonds so assigned were used by her son in part payment for a farm, upon which he resided, in the county of Rockingham.

The bill further alleges that the attempted conveyance by appellee of his interest in the land to Sipe, trustee, for the benefit of his creditors was in violation of the rights of appellant, and the prayer is that the undivided interest of appellee in the land may be conveyed to appellant, or that, in any event, she may have a decree for the amount of the bonds assigned to appellee, with interest, "in case the court cannot compel him to convey his interest in the land."

The appellee filed his demurrer to the bill and answered, admitting the transfer of the bonds as charged, but alleging that the bonds were transferred to him as a gift by his mother, and that there never was any money consideration thought of, or involved in the transaction. Appellee further says that even though the court should determine that the bonds were not transferred as a gift, that then the only cause of action his mother ever had against him was for the value of said bonds

under an implied contract, which has long since been barred by the statute of limitations, the benefit of which appellee claims and pleads.

Upon the issue thus presented, the Circuit Court held that the appellant had failed to make a case, upon the law or evidence, entitling her to a specific execution of the alleged contract, and that if the bonds were not a gift or advancement, their value could not be recovered because barred by the statute of limitations.

In order that a court of equity shall exercise its power to decree a specific execution, where there has been a part performance, the contract itself must be clear, certain, and unambiguous in its terms, and must either be admitted by the pleadings, or proved with a reasonable degree of certainty, to the satisfaction of the court. If, therefore, upon all the evidence given by both parties, the court is left in doubt as to the entire contract, or even as to any of its material terms, it will not grant the remedy, although a partial performance of something has been sufficiently proved. · Pom. Specific Performance, sec. 136.

Every application for the specific performance of a contract is addressed to the sound judicial discretion of the court, regulated by established principles. The contract must be distinctly proven, and its terms clearly ascertained. It must be reasonable, certain, legal, mutual, based upon a valuable consideration, and the party seeking performance must not have been backward in enforcing his rights, but ready, desirous, prompt, and eager. *Darling* v. *Cummings*, 92 Va. 521.

Guided by these well settled principles, the conclusion is easily reached, that the contract alleged in the bill has not been proved with sufficient clearness to justify a court of equity in decreeing its specific performance. There is evidence tending strongly, as stated in the decree appealed from, to show that the transfer of the bonds in question was a gift by the appellant to her son. There is also evidence tending to show

that it was a loan, and there is some evidence tending to show that it was a purchase as alleged in the bill. Upon the whole, the evidence is unsatisfactory, and leaves the mind in a state of doubt and uncertainty whether the contract alleged was ever entered into. Nearly twenty years elapsed after the contract is said to have been made, without any step being taken to enforce it, and no sufficient explanation for this great delay in asking a specific performance is either alleged or proven. Such backwardness and lack of promptness in enforcing her rights is a very strong circumstance against the claim now asserted by appellant.

The alternative prayer of the bill, that the court, if it found itself unable to decree specific performance, would decree the amount of the bonds, cannot be granted, for the reason that no contract, either express or implied, is established creating the relation of debtor and creditor between appellant and appellee in respect to said bonds, and for the further reason that, if such a contract had been proven, the plea of the statute of limitations, which has been interposed by the appellee, is a complete bar to its recovery.

For these reasons the decree appealed from must be affirmed.

*Affirmed.*